```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| RONALD MOORE,           ) | 1:10-cv-0976 OWW GSA |
| )                          | New Case Number: |
| Plaintiff,   )             | 1:10-cv-0976 GSA |
| )                          | |
| v.                    )    | SCHEDULING CONFERENCE ORDER |
| )                          | |
| JOHN GABELICA, et al., )   | Discovery Cut-Off: 9/1/11 |
| )                          | |
| Defendants.  )             | Non-Dispositive Motion |
| )                          | Filing Deadline: 9/15/11 |
| )                          | |
| | Non-Dispositive Motion Hearing Date: 10/21/11 9:30 Ctrm. 10 |
| | Dispositive Motion Filing Deadline: 9/30/11 |
| | Dispositive Motion Hearing Date: 11/4/11 9:30 Ctrm. 10 |
| | Settlement Conference Date: 9/20/11 10:30 Ctrm. 8 |
| | Pre-Trial Conference Date: 12/2/11 11:00 Ctrm. 10 |
| | Trial Date: 1/10/12 9:00 Ctrm. 10 (CT-3 days) |

I.   Date of Scheduling Conference.

    November 5, 2010.

II.  Appearances Of Counsel.

    Moore Law Firm, P.C. by K. Randolph Moore, Esq., and Tanya

1

L. Moore, Esq., appeared on behalf of Plaintiff.

Atkinson, Adelson, Loya, Ruud & Romo by David Saldana, Esq., appeared on behalf of Defendant Magnolia Tree Properties, L.P.

III. Summary of Pleadings.

1. This is a civil rights action by Plaintiff Ronald Moore for discrimination brought under the Americans with Disabilities Act and related California statutes alleging discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Giovanni Caffe Italiano, located at 522 Pollasky Avenue, Clovis, California 93612. Moore seeks damages, injunctive and declaratory relief, attorney fees and costs, against Defendants John Gabelica, Mary Ann Gabelica, dba Giovanni's Caffe Italiano (hereinafter collectively referred to as "Giovanni's"), and Magnolia Tree Properties, L.P. (hereinafter referred to as "Magnolia Tree Properties"). Defendants John Gabelica, and Mary Ann Gabelica dba Giovanni's Caffe Italiano have not appeared in this action, and on July 15, 2010, a default was entered against these Defendants. Accordingly, all of Plaintiff's factual allegations set forth in his Complaint are deemed to be true as to the defaulting defendant and are therefore treated as such. *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time. The parties agree the amendments shall be filed before December 30, 2010, without the necessity of a motion.

///

V.  Factual Summary.

    A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.  Mr. Saldana represents only Magnolia Tree Properties, L.P., the owner of the Restaurant.

        2.  Magnolia Tree Properties, L.P., leases the restaurant to John Gabelica and Mary Ann Gabelica, fictitiously doing business under a name and style Giovanni's Caffe Italiano.

        3.  The default of John Gabelica and Mary Ann Gabelica have previously been entered.

    B.  Contested Facts.

        1.  All remaining factual allegations are disputed.

VI. Legal Issues.

    A.  Uncontested.

        1.  Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343.  Supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

        2.  Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

        3.  The parties agree that the substantive law of the State of California provides the rule of decision.

    B.  Contested.

        1.  All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.  The parties have consented to transfer the case to the Magistrate Judge for all purposes, including trial.  The new case number that should be typed on all future pleadings filed in this case is:  <u>1:10-cv-0976 GSA</u>.

VIII.     Corporate Identification Statement.
     1.     Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.     Discovery Plan and Cut-Off Date.
     A.     Changes in Timing.
          1.     Parties agree to make Rule 26(a) disclosures by November 4, 2010.
     B.     Cut-Off Date for Non-Expert Discovery.
          1.     Parties propose a non-expert discovery cut-off date of August 31, 2011.
     C.     Suggested Timing of the Disclosure of Expert Witnesses as Required by Fed.R.Civ.P. 26(a)(2).
          1.     Parties propose expert disclosures on August 1, 2011 with rebuttal expert witnesses being disclosed by August 19, 2011.
     D.     Cut-Off Date for Expert Discovery.
          1.     Parties propose September 15, 2011 for the close of expert discovery.
     E.     Changes in the Limits on Discovery.
          1.     Parties do not request changes to the limitations on discovery, aside from those imposed by the Federal Rules of Civil Procedure and local rules.
///

```
 1      F.   Protective Order Relating to the Discovery of
 2           Information.
 3           1.   Parties do not anticipate at this time that such
 4  protective order will be required.
 5      G.   Timing, Sequencing, Phasing or Scheduling of Discovery.
 6           1.   Parties to not seek a timetable for discovery
 7  outside of the Court's Scheduling Order.  Parties do not believe
 8  discovery should be conducted in phases or limited to particular
 9  issue.
10      H.   Discovery Outside of the U.S.
11           1.   Parties do not anticipate the need to take
12  discovery outside the United States.
13      I.   Video and/or Sound Recording of Depositions.
14           1.   Parties anticipate that all depositions will be
15  videotaped.
16      J.   Mid-Discovery Status Report and Conference.
17           1.   Parties propose date of March 1, 2011 for status
18  report and conference.
19      K.   Discovery Relating to Electronic, Digital and/or
20           Magnetic Data.
21           1.   Parties do not anticipate at this time that such
22  discovery will be required.
23      The Court orders:
24      1.   The parties are ordered to complete all discovery on or
25  before September 1, 2011.
26      2.   The parties are directed to disclose all expert
27  witnesses, in writing, on or before July 1, 2011.  Any rebuttal
28  or supplemental expert disclosures will be made on or before
```

August 2, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

     3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

     1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before September 15, 2011, and heard on October 21, 2011, at 9:30 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

     2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

     3.   All Dispositive Pre-Trial Motions are to be filed no later than September 30, 2011, and will be heard on November 4, 2011, at 9:30 a.m. before the Honorable Gary S. Austin, United States Magistrate Judge, in Courtroom 10, 6th

1  Floor.  In scheduling such motions, counsel shall comply with
2  Local Rule 230.
3  XI.   Pre-Trial Conference Date.
4        1.   December 2, 2011, at 11:00 a.m. in Courtroom 10, 6th
5  Floor, before the Honorable Oliver W. Wanger, United States
6  District Judge.
7        2.   The parties are ordered to file a Joint Pre-
8  Trial Statement pursuant to Local Rule 281(a)(2).
9        3.   Counsel's attention is directed to Rules 281
10 and 282 of the Local Rules of Practice for the Eastern District
11 of California, as to the obligations of counsel in preparing for
12 the pre-trial conference.  The Court will insist upon strict
13 compliance with those rules.
14 XII. Motions - Hard Copy.
15       1.   The parties shall submit one (1) courtesy paper copy to
16 the Court of any motions filed.  Exhibits shall be marked with
17 <u>protruding numbered or lettered tabs</u> so that the Court can easily
18 identify such exhibits.
19 XIII.  Trial Date.
20       1.   January 10, 2012, at the hour of 9:00 a.m. in Courtroom
21 3, 7th Floor, before the Honorable Oliver W. Wanger, United
22 States District Judge.
23       2.   This is a non-jury trial.
24       3.   Counsels' Estimate Of Trial Time:
25            a.   Two to three days.
26       4.   Counsels' attention is directed to Local Rules
27 of Practice for the Eastern District of California, Rule 285.
28 ///

**XIV. Settlement Conference.**

    1.   A Settlement Conference is scheduled for September 20, 2011, at 10:30 a.m. in Courtroom 8 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not

8

achieved and if such a request is not made the Court will dispose of the statement.

    5. The Confidential Settlement Conference Statement shall include the following:

        a. A brief statement of the facts of the case.

        b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c. A summary of the proceedings to date.

        d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e. The relief sought.

        f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. None.

XVI. Related Matters Pending.

    1. There are no related matters.

XVII. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed

to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   November 5, 2010                /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE